1  RICHARD E. McCARTHY [SBN 106050]
2  rmccarthy@swsslaw.com
   SOLOMON WARD SEIDENWURM & SMITH, LLP
3  401 B Street, Suite 1200
   San Diego, California 92101
4  (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Plaintiff
7  Rhombus Energy Solutions, Inc.

8
   UNITED STATES DISTRICT COURT
9
   SOUTHERN DISTRICT OF CALIFORNIA
10

11  **Rhombus Energy Solutions, Inc.**,          Case No.   '16CV1925 L     NLS
12       *a Delaware corporation*,
                                                 **Complaint for:**
13          Plaintiff,
                                                    **1. Breach of Contract;**
14       v.                                         **2. *Quantum Meruit*; and**
                                                    **3. Declaratory Relief**
15
   **Nextek Power Systems, Inc.**,               **Jury Trial Demanded**
16       *a Nevada corporation*,

17
           Defendant.
18

19

20       Plaintiff Rhombus Energy Solutions, Inc. ("Rhombus") alleges the following

21  against Defendant Nextek Power Systems, Inc. ("Nextek"):

22                          **Nature of the Dispute**

23       1.    Rhombus is a contracted engineering company focused on advanced

24  power electronic solutions and Nextek provides energy efficiency products. Nextek

25  had a concept for a LED lighting power supply module that could power strings of

26  LED lights to replace standard fluorescent lights for energy savings purposes. After

27  a failed attempt getting the product engineering by another outside firm, Rhombus

28  was ask to evaluate and recommend to Nextek if the design was salvageable given

P:01058750-4:64543.004

1  that Nextek's specifications were daunting.  Rhombus, after evaluating the third

2  party design recommended the initial design could never meet Nextek's

3  specifications and a ground up design was required. Subsequently, Rhombus was

4  given a Purchase Order based on a time and material contract with a preliminary

5  specification. An estimated budget was given to Nextek by Rhombus, but as with

6  common practice in this field, advanced designs require innovation and it is not

7  possible to set an exact price for the project, and therefore parties must enter into a

8  time-and-materials contract with rigorous collaboration and frequent

9  communications to track progress. Several months into the development, Nextek

10  delivered to Rhombus a more detailed specification, with new requirements.

11  Rhombus made it clear throughout the development that the efficiency numbers

12  would be very difficult to meet given the cost and size constraints. More than a year

13  later, Rhombus delivered to Nextek the module, with optimized performance given

14  the constraints and specifications. During this development, Rhombus spent more

15  time and money than was originally estimated. Nextek authorized this work; Nextek

16  vigorously participated in the development activity; Nextek was fully apprised of

17  the status, accumulated costs and issues encountered along the way; and Nextek

18  received the product it requested. Rhombus now seeks full payment on the contract

19  for its labor and costs.

20  **Parties**

21      2.    Plaintiff Rhombus is, and was, a corporation incorporated under the

22  laws of Delaware with its principal place of business within this judicial district.

23      3.    Defendant Nextek is, and was, a Nevada corporation with its principal

24  place of business in Michigan.

25  **Jurisdiction and Venue**

26      4.    The Court has original jurisdiction under 28 U.S.C. § 1332 because this

27  is a dispute between a corporate citizen of this state and corporate citizens of foreign

28  states, and the amount in controversy exceeds $75,000, exclusive of interest and

1   costs.

2      5.      Venue in this judicial district is proper under 28 U.S.C. § 1391 because

3   a substantial part of the events and omissions giving rise to these claims occurred in

4   this district, and the parties' contract was performed in this district.

5                                **Material Facts**

6      6.      The Rhombus-Nextek relationship began in mid-2014 when Nextek

7   asked Rhombus to evaluate a product.

8      7.      In December 2014, based on Rhombus' analysis, Nextek recognized

9   that it needed to start from scratch. Rhombus put together a plan to design and build

10  the requested product (the "Product"), and Nextek provided Rhombus with

11  specifications for the design of the Product.

12     8.      To design and build the Product, Nextek and Rhombus entered a

13  written "time and material" contract, memorialized in e-mails exchanged between

14  principals of each company (the "Contract").

15     9.      Under the Contract, Nextek agreed to pay for the labor and materials

16  Rhombus incurred designing and building the Product with the goal of meeting the

17  specifications provided by Nextek. Rhombus tracked the hours worked by its

18  employees on the Product, and Nextek agreed to pay those monthly hours multiplied

19  by each employee's hourly rate. Rhombus would separately bill Nextek for

20  materials with no mark-up. Nextek agreed to pay Rhombus on this time-and-

21  materials basis until Nextek cancelled the Contract. Nextek agreed to pay Rhombus

22  monthly regardless of whether Rhombus ultimately designed and built a Product

23  that met every specification provided by Nextek.

24     10.     Rhombus spent the next 15 months designing and building the Product

25  and billing Nextek monthly under the terms of the Contract.

26     11.     Throughout the time that Rhombus worked to design and build the

27  Product under the Contract between it and Nextek, Rhombus and Nextek were in

28  continuous contact with each other, with Rhombus providing weekly (or more

frequent) updates, and Nextek providing its direction and input on the project. Despite set-backs in the design of the Product, Nextek instructed Rhombus to continue to work on the Product.

12.     Beginning with Rhombus' September 2015 invoice, Nextek ceased paying on the Contract for the work on the Product. To share in the cost overruns, Rhombus billed Nextek at a greatly reduced rate, reflecting a substantial discount on its standard charges.

13.     Even into January 2016, Nextek was assigning work to Rhombus for the Product and acknowledging that no new or different agreement existed other than the Contract.

14.     Just as Nextek did not instruct Rhombus to cease work on the Product, Rhombus continued to bill Nextek under the terms of their agreement (although at a reduced rate) and maintained that it would need to be paid accordingly under the terms of the Contract.

15.     In April 2016, Rhombus delivered the Product to Nextek. There remains almost $141,000 owed to Rhombus for this work under the Contract.

## FIRST Claim for Relief — Breach of Contract

16.     Rhombus incorporates by reference paragraphs 1 through 15 above.

17.     Rhombus and Nextek entered into a written contract (the "Contract").

18.     Rhombus performed all its duties, obligations, and responsibilities under the Contract.

19.     Nextek materially breached the Contract by failing to pay Rhombus under the terms of the Contract while Nextek received the benefits under the Contract.

20.     As a direct and proximate result of Nextek's material breach of the Contract, Rhombus has been damaged in at least $141,687 plus interest and costs, according to proof.

**SECOND Claim for Relief — *Quantum Meruit***

21.    Rhombus incorporates by reference paragraphs 1 through 20 above.

22.    Rhombus performed services and provided materials at Nextek's request to design and build the Product. Nextek knew Rhombus was providing these services and materials and promised to pay their reasonable value.

23.    Nextek accepted, used, and enjoyed the services and materials provided by Rhombus. Nextek implicitly agreed to pay for the reasonable value of services and materials provided by Rhombus.

24.    Rhombus demanded payment from Nextek for the reasonable value of the project services and materials it provided. Nextek has refused, and continues to refuse, Rhombus's demand for payment.

25.    The fair and reasonable value of Rhombus's unpaid services and materials and the value received by Nextek is at least $141,687, plus interest and costs, according to proof.

**THIRD Claim for Relief — Declaratory Relief**

26.    Rhombus incorporates by reference paragraphs 1 through 25 above.

27.    Rhombus and Nextek are parties to an enforceable Contract, defined above.

28.    Nextek has refused to perform its obligation to pay Rhombus under the Contract's terms, and Nextek has informed Rhombus that Nextek does not believe that the Contract obligates Nextek to do so.

29.    Therefore, an actual controversy regarding the legal rights and duties of Rhombus and Nextek has arisen regarding the terms of the Contract.

30.    Rhombus seeks a declaration by the Court of the parties' rights and duties under the Agreement.

**Demand for Relief**

Rhombus asks that the Court enter judgment in Rhombus' favor and against Nextek:

P:01058750-4:64543.004

-5-

Complaint — Breach of Contract, et al.
*Rhombus v. Nextek*

1   *On the First Claim for Relief for Breach of Contract:*

2        For compensatory damages for at least $141,687 plus interest and costs,

3        reflecting Nextek's obligation on the Contract, according to proof.

4   *On the Second Claim for Relief for Quantum Meruit:*

5        For compensatory damages for at least $141,687 plus interest and costs,

6        reflecting the reasonable value of the goods and services provided by

7        Rhombus, and Nextek's unjust enrichment from the services performed and

8        goods provided by Rhombus, according to proof.

9   *On the Third Claim for Relief for Declaratory Relief:*

10       A declaration from this Court that under the terms of the Contract, Nextek

11       owes Rhombus:

12          a.    payment for the work performed by Rhombus, specifically the

13              labor of its employees at their typical hourly rate multiplied by

14              the hours spent working on the Product; and

15          b.    payment for the materials used by Rhombus for the design and

16              building of the Product, specifically the amount paid by

17              Rhombus for the materials.

18  *On All Claims for Relief:*

19       For costs of suit;

20       For pre-judgment interest at the maximum allowable legal rate; and

21       For such other and further relief as the Court deems just and proper.

22  DATED:  August 1, 2016        SOLOMON WARD SEIDENWURM &
23                                SMITH, LLP
24
25                               By:  /s/ Richard E. McCarthy
26                                   RICHARD E. McCARTHY
27                                   Attorney for Plaintiff Rhombus Energy
28                                   Solutions, Inc.

Complaint — Breach of Contract, et al.
*Rhombus v. Nextek*

1

**Jury Demand**

2      Plaintiff Rhombus Energy Solutions, Inc. demands a trial by jury on all issues

3 so triable, pursuant to Federal Rule of Civil Procedure 38.

4

5 DATED:  August 1, 2016          SOLOMON WARD SEIDENWURM &
                                SMITH, LLP
6

7

8                                By:  /s/ Richard E. McCarthy
                                     RICHARD E. McCARTHY
9                                    Attorney for Plaintiff Rhombus Energy
10                                   Solutions, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28